Good morning, John Ballas on behalf of the petitioner, Denard Neal. I'm intending to reserve two minutes for rebuttal. Please watch your time. I'm intending to focus my argument this morning on the question the court asked the parties to address. That's whether the Bureau of Prisons regulations provide adequate notice that masturbation is prohibited as a high severity level violation under the Bureau of Prisons prohibited code section 205. Section 205 prohibits, quote, engaging in sexual acts, unquote. It wasn't what he did here, a sexual act. I think that's what's in dispute. And the meaning of a sexual act can vary depending on the context in the statute. And I think that in some contexts it would be considered a sexual act. I think in the context of the statutory scheme and the regulatory scheme, it should not be considered to be a high severity level sexual act under the Bureau of Prisons code 205. If you look at the other high severity level. So if it covers this sort of act that your client took, then why doesn't that give him enough notice? I mean, the subtleties of, you know, what level or if it's severe or not severe, why is that even an issue? I mean, he was on notice that sexual acts were forbidden, and this is a sexual act, and so there's not a due process concern there. Well, I think there, first of all, I think he doesn't have fair notice that it is a sexual act within the meaning of the code. Masturbation in and of itself is not dangerous or harmful. The, it's not a, it's not, if you look at the, for example, the criminal code, 18 U.S.C. 2246-2, that defines sexual acts, they all refer to sexual acts as sexual contact with or directed towards another individual. But isn't that irrelevant, that statute? Because 205 by itself talks about sexual acts. Masturbation is most likely a sexual act. In fact, I think the petitioner may have even admitted that in some of his pro se filings initially, although he didn't necessarily admit the act here. And this Levy case from the Third Circuit sort of addresses a very analogous situation and found under 205 where someone, in effect, masturbates. It is a sexual act within the meaning of 205. I'm having trouble getting beyond how this isn't a second act, a sexual act. Well, first of all, Levy was not a published decision, and I don't think it was meant as a binding precedent. Second, Levy did not consider the fair notice argument. In almost all the cases the government cites, this does not refer to the fair notice argument, but just the question about whether the Bureau of Prisons interpretation of engaging in sexual acts is covering. Masturbation is reasonable. But that's a different question than under the Due Process Clause, whether a person of ordinary intelligence would look at that Bureau of Prisons code that says engaging in sexual acts and do I know that that would prohibit my conduct of masturbation in my prison cell, which was a single cell, which was not directed at any other individual. And I think that in the context of the prison regulations, which are entitled to, which are designed to prevent for security reasons and for protection, and that where the criminal statute defines sexual act differently, the Bureau of Prisons pamphlets that they give to inmates, which is cited in my briefs, refers to contact with other inmates or other staff as being prohibited. It does not say that a sexual act with oneself is prohibited, that you don't have, a person of ordinary intelligence would not have sufficient notice that his conduct is prohibited under the statute, under the Bureau of Prisons Code 205. Now, what if he, the situation was more like in Levy, I guess, where they said he was masturbating under his clothes while looking at a female officer or guard. Would you say that a person would know that that was prohibited? I think my case is stronger. I think when it's, my kind of definition is a sexual contact with another individual or directed at another individual. If it's rubbing the groin area in the presence of a female employee that's directed at her, then I think it would probably be covered under my definition. So are we talking more about the discretion of the prison officials to make those, to differentiate when they're going to prosecute or not? Because essentially it's the same conduct, right? One's in the privacy of your own cell, the other one is in public, but the language of the regulation is just generic. Well, the language of the regulation under the government's view would cover both. It is generic, but I think that's part of the problem with having a vague standard or just saying engaging in sexual acts without any further definition, is that it allows for arbitrary enforcement. It allows for one officer to file a report in a violation against Mr. Neal, where maybe someone else does the exact same thing and there's no violation notice. But I think under all the circumstances, the notice is lacking under the due process clause. I think I'll reserve all my remaining time unless the Court has further questions. Go ahead. You can reserve your time. Thank you. Good morning. May it please the Court. Christian Highsmith on behalf of the United States Penitentiary at Atwater. Here, Your Honors, the United States is not arguing that BOP Code 205 prohibits masturbation. Rather, the government is arguing that it's not inconsistent with the regulation nor plainly erroneous for the BOP to interpret the term sexual act in Code 205 as encompassing Neal's conduct in this case. So you're saying we should give deference to the BOP's interpretation of 205? Is that what you're saying? Yes, Your Honor. Why? Your Honor, because the standard, as set forth, states that the Court should uphold the BOP's interpretation of its own regulations unless its interpretation is plainly erroneous or inconsistent with that regulation. Was there any notice, though, to the prisoners that masturbation and the privacy of your own cell violates the prison rules? I mean, I think that's the argument made pretty powerfully by the other side, that you have somebody there who's incarcerated for life, say, or for 10 years. And I think it probably comes as a surprise to most prisoners that that was a violation of prison rules. There are four reasons why fair notice exists here. But before I get into those, I want to focus on the conduct in this case because I think the conduct in this case illuminates what we're looking at. There was mail in the mail slot outside of Mr. Neal's cell. And what that does is it indicates that someone needs to come by to pick up that mail. And in doing so, very reasonably, would look into that cell. Second, the light was on in the cell. It was late at night, but the light was on, meaning the area was fully illuminated. Additionally, Neal was on top of his bedding, completely naked. When the guard went back approximately half an hour later, there was a sheet covering that lower bunk. But the facts here are very important because Neal was completely naked on top of all of his bedding with the light on and with mail in that mail slot. The guard is going to look into the cell when they go by. So that conduct is very important. In terms of the fair notice, Your Honors, an ordinary person, and that's the standard, would know that Neal's conduct was a sexual act. That is fair notice. Second, Neal's conduct here is consistent with his own view that his conduct is a sexual act. He says masturbation is the only form of sexual release an inmate can attain in Bureau of Prison's custody. Additionally, the plain dictionary definition of sexual, as cited in the Levy case in the Third Circuit, is involving sex, the two sexes, or the sexual organs. That's the plain dictionary definition. And then finally, all courts that have considered this issue have determined that this kind of conduct, conduct similar to Neal's, is a sexual act. And so that provides additional support and clarity for the idea that this act is a sexual act. I suppose unless there are additional questions, I will submit, Your Honors. So really what you're asking us to do is to basically just agree with what's in the underlying decision by the magistrate judge here, which says, as correctly argued by the respondents, these code provisions are inapplicable to the discipline. That's the 2246 provisions. And then Code 205 lists as one of the acts, quote, engaging in sexual acts, but the code section does not define sexual acts. Nevertheless, all courts which have considered this issue conclude that Section 2246 is inapplicable and that a violation of 205 includes this sexual act of masturbation. And then further, the BOP has determined this to be so, the way you interpret 205. That's what you're saying, right? Exactly, Your Honor. Yes. Any more questions? Judge Noonan, any questions? Apparently not. Thank you, Your Honors. Rebuttal. Thank you, Your Honor. First, in response to the government's deference argument, I don't believe that deference to an agency's interpretation of its regulation applies to the fair notice argument. That would refer to the first argument, that the Bureau of Prisons Code 205 does not cover masturbation. But on the fair notice argument, it's a due process standard. There's no deference to the agency's interpretation. It's whether or not the individual involved had sufficient adequate notice. Second, in response to the argument of the conduct in this case, I don't think the record shows or the government is correct that one would ordinarily expect that a guard would look into the prison cell in circumstances here. The cells at Atwater have steel doors, and there's a little window with a slot for mail and food. Assuming that the guard's statement is correct, that there was mail in the slot, a guard could easily walk down the hallway, pick up the mail without necessarily looking into the window. You have to make a conscious effort to turn and look into the window. It's not a situation where you have like an open cell with just bars in this situation. But wait a minute. She, the female guard, entered the recording and said she went to pick up the mail, and she looked at the cell, she saw him in the bed, his penis was erect, and he was stroking himself. She said she saw that. That was the fact pattern that gave rise to the official complaint. So why wouldn't it have been appropriate for her to sort of see what was in her plain view and for that to be a legitimate basis for there to be a charge here? Well, what I'm saying is that Mr. Neal would not necessarily know that a guard or any inmate would know that a guard would be looking into the cell. They certainly can. They're available. They walk down the hallway. But it's not necessary for them in picking up the mail to look into the cell, and it's not that you would automatically be able to look into the cell just by walking down the hallway. That's the point I'm making. In terms of, I also don't agree with the government that Mr. Neal's statement after the fact, that masturbation is the only form of sexual release available in prison, is an admission that he's engaging in a prohibited sexual act under Code 205. All he's saying is that, essentially, that it is a form of self-gratification. And then, lastly, the government said that there were a number of court decisions that defined masturbation as qualifying under the prohibited sexual act. There's no Ninth Circuit court case on point. There's no public circuit court decision, and there's a few district court decisions elsewhere that I don't think provide adequate notice in this case. Without any further definition of the Bureau of Prisons Code, their notice is lacking. Thank you. Thank you. The case of Neal v. United States Penitentiary at Atwater is submitted.
judges: Daniel, Noonan, Ikuta